```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MARTIN QUINONES,                                                 :
                                                                 :
                        Plaintiff,                               :
                                                                 :      20-cv-10801 (LJL)
        -v-                                                      :
                                                                 :      ORDER
MTA NEW YORK CITY TRANSIT AUTHORITY,                             :
                                                                 :
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2021

LEWIS J. LIMAN, United States District Judge:

On December 18, 2020, Plaintiff filed a complaint and request to proceed *in forma pauperis* in the instant case. Dkt. Nos. 1, 2. On February 4, 2021, Plaintiff's *in forma pauperis* application was granted, and the Court referred the case for mediation and directed the Clerk of Court to attempt to locate *pro bono* counsel to represent Plaintiff at the mediation. *See* Dkt. Nos. 3, 5. These orders were mailed to Plaintiff at his address recorded on the docket: 712 Fox Street, Apartment 6C, Bronx, NY 10455. Dkt. No. 8.

On May 11, 2021, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Dkt. No. 14, and mailed a copy of the motion and supporting documents to Plaintiff at his recorded address. Dkt. No. 18. Plaintiff has not responded to the motion to dismiss, and the Court has thus far deferred consideration of that motion until the parties have had the opportunity to attend mediation.

On August 11, 2021, at the request of the Southern District of New York's Mediation Office, attorneys Stephen M. Juris and Ashley A. Czechowski appeared as *pro bono* counsel for Plaintiff for the limited purpose of mediation. Dkt. Nos. 22, 23. Plaintiff's *pro bono* counsel has made multiple submissions to the Court indicating that they have been unable to reach Plaintiff

since late July.  *See* Dkt. Nos. 27, 29, 31.  The notices of limited appearance and letters filed by Plaintiff's *pro bono* counsel has been the only activity from Plaintiff on the docket since the filing of the complaint and the application to proceed *in forma pauperis*.

On November 9, 2021, the Court issued an Order directing Plaintiff to, by December 9, 2021, either inform the Court that he is in communication with *pro bono* counsel regarding his mediation and provide a date and time that the mediation will occur, or to show cause why this case should not be dismissed for failure to prosecute.  Dkt. No. 30.  The Clerk of Court mailed a copy of that Order to Plaintiff at his recorded address.  Today, Plaintiff's *pro bono* counsel submitted a letter informing the Court that, despite additional efforts to contact Plaintiff, they have been unable to make contact with Plaintiff.  Dkt. No. 31.  Plaintiff has not independently filed anything on the docket or otherwise responded to the Court's Order of November 9, 2021.

Federal Rule of Civil Procedure 41 "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see also* Fed R. Civ. P. 41(b); *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012) ("Rule 41 permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court.").  "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal;

(3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff has not prosecuted his case for nearly a year. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id.* (collecting cases). Plaintiff was given notice by the Court's Order at Dkt. No. 30 that a failure to respond could result in dismissal of the action. Although there is no specific evidence on the record that delay will prejudice Defendant, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews* Corp., 682 F.2d 37, 43 (2d Cir. 1982). The Court has given Plaintiff the "opportunity to proceed with this action so that it would be decided on the merits," *Edwards*, 2012 WL 1292672, at *2, by extending the time for the parties to schedule mediation multiple times. *See* Dkt. Nos. 28, 30. The Court has also deferred consideration of Defendant's unopposed motion to dismiss to give Plaintiff the opportunity to participate in the resolution of his claims, to no avail. Plaintiff's failure to prosecute this action, to respond to repeated requests for communication from his *pro bono* attorneys, or to respond to the Court's November 9, 2021 Order "demonstrate that any lesser sanction [than dismissal] would be an exercise in futility." *Edwards*, 2021 WL 1292672, at *2 (internal quotation marks omitted).

For the foregoing reasons, the case is dismissed without prejudice for failure to prosecute. The motion to dismiss at Dkt. No. 14 is denied as moot. The Clerk of Court is respectfully directed to close the case and to mail a copy of this Order to Plaintiff at his recorded address.

SO ORDERED.

Dated: December 9, 2021
       New York, New York

                                                LEWIS J. LIMAN
                                           United States District Judge